IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FUMA INTERNATIONAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CV-260 |
| | ) | |
| R.J. REYNOLDS VAPOR CO., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

In this patent case, summary judgment motions on inventorship and inequitable conduct are due on December 20, 2019. Doc. 47 at 3. Defendant Reynolds seeks to compel plaintiff Fuma to "produce all communications and other documents being withheld on the ground of privilege" to the extent that they "reflect or discuss" a wide range of issues related to the '604 patent family, contending Fuma has made a subject-matter waiver of the attorney-client privilege. Doc. 58 at 1.

The scope of an intentional waiver of the attorney-client privilege is analyzed "through a fairness lens" and is ultimately based upon fairness considerations. *Wi-Lan, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F. 3d 1364, 1368–73 (Fed. Cir. 2012). The factors may include the circumstances of the disclosure, the nature of the legal advice sought, and any prejudice from permitting or prohibiting further disclosure. *Oasis Int'l Waters, Inc. v. United States¸* 110 Fed. Cl. 87, 109 (Fed. Cl. 2013).

Reynolds is essentially seeking to compel Fuma to disclose all or almost all communications with present litigation and prosecution counsel. Such broad disclosure of communications, particularly with trial counsel about litigation matters, would be

prejudicial to Fuma, particularly as 1) Fuma has not indicated any intent to use the already-disclosed communications affirmatively, 2) the overbroad request has the potential to consume the resources of the parties and the Court on tangential issues, and 3) Reynolds' purported substantive need for the additional communications appears to be largely cumulative. *See* Fed. R. Civ. P. 26(b)(1) (noting that the scope of discovery must be "proportional to the needs of the case."). While the refusal to produce communications with current patent counsel has the potential to result in prejudice to Reynolds, that potential is speculative. Should any unfair prejudice arise, it can be handled by a prohibition on Fuma's ability to use the disclosed communications affirmatively or by other appropriate limitation or order suitable to the circumstances.

The cases cited by Reynolds do not support a different result. Those cases arose in the context of the affirmative defense of advice of counsel in response to a charge of willful infringement. In that context, the disclosing party had selectively disclosed some communications with patent counsel as part of its defense. That is not the case here, where Fuma is the plaintiff, where the communications with prior patent counsel were initially disclosed in an earlier case under different circumstances, and where Fuma has disclosed all potentially relevant communications with prior patent counsel.

Reynolds' motion to compel is overbroad, not proportional to the needs of the case, and not necessary for fairness. The motion to compel, Doc. 58, is **DENIED**.

**SO ORDERED**, this the 18th day of December, 2019.

_____
UNITED STATES DISTRICT JUDGE