IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FUMA INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CV-260 |
| | ) | 1:19-CV-660 |
| R.J. REYNOLDS VAPOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This patent infringement case arises from two patents pertaining to e-cigarette technology. The defendant, R.J. Reynolds Vapor Company, filed this *Daubert* motion to exclude the testimony of Fuma's expert, Stephen Holzen, on the issue of damages. The Court has extensive familiarity with the issues generally and has read the briefs and considered the arguments of counsel made during a hearing August 25, 2021. Because Mr. Holzen's report and opinions rest on a reliable foundation, they are admissible, and the Court will deny the motion.

Expert testimony is admissible if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Whether expert evidence is reliable is primarily a question of the validity of the expert's methodology, not the quality of the data used or the conclusions produced. *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 892 F.3d 624, 631 (4th Cir. 2018); *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015).

A claim of damages for the infringement of a valid patent is based on the reasonable royalty that the infringer would have paid the owner of the patent after a "hypothetical negotiation" at the time the infringement began. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1312 (Fed. Cir. 2011). In general, the royalty must be based on the "smallest salable patent-practicing unit," not the entire product. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012). The royalty is calculated through two elements: (1) a royalty base and (2) a royalty rate. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 977 (Fed. Cir. 2018). Because a patentee is only entitled to a reasonable royalty attributable to the infringing features of a product, the patentee "must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features." *Id*. (quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884)); *see also Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018).

An opinion on damages that is based on an unreliable apportionment must be excluded. *Exmark Mfg. Co.*, 879 F.3d at 1349–50. The Federal Circuit, however, does not limit apportionment to any specific methodology, recognizing that "flexibility is required to determine fact-dependent damages." *Bio-Rad Lab'ys v. 10X Genomics, Inc.*, No. 15-152-RGA, 2018 WL 4691047, at *7 (D. Del. Sept. 28, 2018). At least once, the

2

Federal Circuit has recognized the use of cost as a proxy for value as an appropriate apportionment method. *See, e.g.*, *Summit 6*, 802 F.3d at 1297–99.[1]

Here, Mr. Holzen used the widely accepted "Income Approach" to determine a reasonable royalty. Doc. 185-1 at ¶ 275; *see Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.*, 403 F. Supp. 3d 571, 605 (E.D. Tex. 2019) (analyzing the "Income Approach Theory"); *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, No. CV 07-8108 FMO (SHx), 2018 WL 6190604, at *15 (C.D. Cal. Nov. 4, 2018) (analyzing the "well-accepted" market and income approaches and collecting cases); *Exmark Mfg. Co. v. Briggs & Stratton Corp.*, 8:10CV187, 2018 WL 4976559, at *1 (D. Neb. Oct. 12, 2018) (discussing the income, market, and cost approaches). And, as in *Summit 6*, he focused on infringing features and valued those features using RJR's own data about production costs. Mr. Holzen's methodology was based on reliable principles and was sufficiently tied to the facts of the case. RJR disagrees with his reference points, but its arguments do not undermine his methodology. These criticisms are an appropriate subject for cross-examination, not a basis for exclusion.

Mr. Holzen's testimony on a lump sum alternative payment is also reliable and based on RJR's own data and projections. RJR's objections are more appropriate for cross-examination.

---

[1] "Mr. Benoit's damages methodology was based on reliable principles and was sufficiently tied to the facts of the case. Mr. Benoit first estimated Samsung's economic benefit from infringement by specifically focusing on the infringing features and by valuing those infringing features based on Samsung's own data regarding use and on its own financial reports outlining production costs and profits." *Id.* at 1298.

It is **ORDERED** that RJR's motion *in limine* to exclude the testimony and opinions of Stephen A. Holzen on the issue of damages, Doc. 158, is **DENIED**.

This the 3rd day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE