IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FUMA INTERNATIONAL LLC, an Ohio limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>R.J. REYNOLDS VAPOR COMPANY, a North Carolina corporation,<br><br>Defendant. | Civ. No. 1:19-cv-260 [Lead Case]<br><br>Civ. No. 1:19-cv-660 |

## PLAINTIFF FUMA INTERNATIONAL LLC'S RESPONSE TO DEFENDANT'S MOTION TO SEAL (DKT. 224)

Plaintiff Fuma International LLC ("Fuma") presents this response to Defendant R.J. Reynolds Vapor Company's ("RJR's") motion to seal trial exhibits and testimony. Fuma's response is offered to more fully set forth the difficulties presented by RJR's motion and the substance of the meet-and-confer process, fully reflected in a single email between counsel attached as Ex. A. (Ex. A, Nov. 7, 2021 Email from B. Jordan, counsel for Fuma, to J. Burnette, counsel for RJR). Regarding the categories to be sealed:

**A.     "Trial Exhibits: PMTAs" (Dkt. 224 at 2-3).**

RJR's PMTAs were produced to Fuma in heavily-redacted form, and RJR has not articulated to Fuma why the remaining sections warrant sealing despite Fuma's request that RJR do so. (*Id.* at bullet point 1). RJR claims that "Section H [of the PMTAs] …

1

contains … highly specific, technical, and confidential information related to the design of the product and its components" (Dkt. 224 at 2), yet RJR itself filed excerpts of those very same "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" sections of its PMTA on the open docket without attempting to seal them. (Dkt. 122-1 (Vuse SOLO PMTA, Section H); Dkt. 122-2 (Vuse CIRO PMTA, Section H)). These same PMTAs are repeatedly cited and excerpted into the parties' expert reports that are also filed on the public docket in this case. (Dkt. 120-4; 120-5; 120-6; 120-10; 120-11; 122-8; 130-3; 130-4; *See also* Dkt. 137-1 (excerpting the PTMAs in presentations to the Court)). Local rule 40.1(d) requires that RJR specifically identify "parts of trial exhibits that it wishes to have sealed at trial," but RJR still has not done so. (Dkt. 169).

### B. "Trial Exhibits: Third-Party Agreements and Related Documents" (Dkt. 224 at 4).

RJR's Minusa and Fontem agreements were discussed during the testimony of multiple witnesses and included in expert reports that are on RJR's exhibit list, even though RJR has not identified what parts of the exhibits or designated testimony that refer to these agreements should be sealed. This issue was raised by Fuma during the single email exchange that constituted RJR's attempt to meet-and-confer and was not resolved by RJR's motion. (Ex. A, at bullet points 3 and 4). As such, Fuma has no guidance as to how far it can inquire into these agreements before RJR considers it confidential.

### C. "Trial Testimony: Financial Forecasts, Costs Analyses, Future Business Plans" (Dkt. 224 at 4-5)

RJR's motion fails to identify any exhibit or any portion of designated testimony that it seeks to seal, instead referring broadly to anything that constitutes "financial

2

forecasts for Reynolds's VUSE product line, costs of productions, and Reynolds's non-public decisions about its future business plans." (Dkt. 222 at 4). RJR did not identify which exhibits or testimony constituted such information, contrary to the requirements of L.R. 40.1(d), and RJR did not identify it in its motion despite Fuma's specific request that RJR do so. (Ex. A, at bullet point 6 and p. 2 ("We would have expected RJR to do this by annotating its pretrial disclosures to be specific as to what testimony and exhibits should be sealed—the local rules call for that.").

## II. CONCLUSION

The local rules required that RJR identify all the above materials in July 2021 with its pretrial disclosures and promptly confer with Fuma thereafter, but RJR did not do so. RJR's email on a Friday night before its motion to seal was due on Monday was an inadequate substitute for Local Rule 40.1(d).[1] Granting RJR's motion would lengthen trial due to the difficulties of clearing the courtroom every time sealed information is presented to the jury. In addition to the undue burden imposed by RJR's request to seal that is distracting Fuma counsel from trial preparation, Fuma is further unfairly prejudiced by having to make last-minute adjustments to minimize interruptions in its presentation while still not knowing what material will be off-limits to the public.

---

[1] While RJR had earlier "proposed identifying exhibits likely to be used at trial in an effort to narrow the parties' exhibit lists" (Dkt. 224 at 6), Fuma declined this offer because it was redundant to the parties' agreement to identify the particular exhibits they will introduce at trial 48-hours in advance. RJR never raised sealing of any trial exhibits or testimony with Fuma before its email of November 5, 2021, attached at page 2 of Ex. A.

3

| | |
|---|---|
| Date: November 10, 2021 | /s/ Brandon M. Jordan |
| | Brandon M. Jordan |
| | THE LAW FIRM OF BRANDON M. |
| | JORDAN PLLC |
| | 2800 Eisenhower Ave., Suite 220 |
| | Alexandria, VA 22314 |
| | Telephone: (703) 493-0231 |
| | Facsimile: (703) 832-4806 |
| | brandon@brandonjordan.net |

/s/ Christopher P. Sullivan
Christopher P. Sullivan
csullivan@robinskaplan.com
Robert F. Callahan, Jr., Esq.
rcallahan@robinskaplan.com
ROBINS KAPLAN LLP
800 Boylston Street
Suite 2500
Boston, MA 02199
Telephone: (617) 267-2300
Facsimile: (617) 267-8288

/s/ Dirk D. Thomas
Dirk D. Thomas
DIRK D. THOMAS PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Telephone: (202) 587-5690
Facsimile: (202) 587-5610
dirk.thomas@dthomasllc.com

/s/ Robert A. Auchter
Robert A. Auchter
AUCHTER PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (703) 585-5721
Facsimile: (703) 525-6059
robert@auchterlaw.com

/s/ Kevin G. Williams
William K. Davis
N.C. Bar No. 1117

4

Kevin G. Williams
N.C. Bar No. 25760
BELL, DAVIS & PITT, P.A.
100 North Cherry St., Suite 600
Winston-Salem, NC 27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 722-8153
wdavis@belldavispitt.com
kwilliams@belldavispitt.com

Counsel for *FUMA INTERNATIONAL, LLC*

5

## CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.3(d)(1), the undersigned certifies that this Brief complies with the word limit contained in L.R. 7.3(d)(1), using the word count feature of the word processing software in making this certification.

/s/ Brandon M. Jordan
Brandon M. Jordan

## CERTIFICATE OF SERVICE

I hereby certify that, on November 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Brandon M. Jordan
Brandon M. Jordan