# EXHIBIT A

# Brandon Jordan

| | |
|---|---|
| **From:** | Brandon Jordan |
| **Sent:** | Sunday, November 7, 2021 3:05 PM |
| **To:** | Burnette, Jason T.; Dirk Thomas; Bill Davis; Chris Sullivan |
| **Cc:** | Bayuk, Frank T.; Quinlan, Michael S.; Walker, Jihan E.; Morrow, John |
| **Subject:** | RE: Fuma v. Reynolds: Sealing Certain Trial Exhibits and Testimony |

Your email on Friday night gives us very little time to consider RJR's request regarding a motion that must be filed on Monday—particularly given that we are days from trial when the local rules (if they had been followed) would have provided us months to figure these things out. However, in an attempt to address your categories, and while reserving any and all objections and without stipulating that any motion you may file is timely:

1) Fuma intends to rely on RJR's PMTAs, which we note were cited in RJR's expert reports. Moreover, your email does not appear to identify all the places that RJR's PMTA information appears on the parties' respective exhibit lists. For example but not exhaustively, these PMTAs are cited in claim charts and discussed in deposition testimony. Plus, given that these PMTAs are already partially redacted by RJR, please identify what parts that remain unredacted you believe merit sealing?

2) On the Ciro phase-out, Fuma does plan on using that information at trial. RJR has represented that the Ciro will no longer be sold after December 31, 2021, less than 6 weeks after the trial is complete, so we fail to see the harm in divulging that in open Court. Please explain what harm RJR anticipates through disclosure of its stated plan to withdraw the Ciro from the market.

3) We intend to rely on the Fontem agreement, which occurs in more places than you've cited. That Fontem Agreement has been addressed in both side's expert reports, and we expect both side's damages expert to address it in their testimony. Clearing the Court for such testimony (as well as for the other matters on which you seek to seal exhibits and testimony) will make the trial cumbersome and inefficient, which is prejudicial to Fuma given the very short time period the Court has given the parties to present their evidence and testimony.

4) We do intend to rely on the Minusa materials, which have also been referenced in both sides expert reports and deposition testimony. We again suspect that your email does not identify all the places in the pre-trial disclosures where this information appears.

5) We do not intend to use the Gilley ITC declaration.

6) We do not know which exhibits or the types of information you are including in the category of "Financial forecasts and costs analyses", so we have no way to respond to your email other than to say that we will be relying on that type of evidence because it is raised and focused on by both side's damages experts. We do expect that at least certain parts of the expert reports in this case will be admitted, as RJR put them on the exhibit list and we reserve the right to introduce them.

The local rules require that in its motion RJR "summarize the substance of the meet and confer process and state the parties' positions about the likelihood that the testimony or exhibit(s) will be offered or used at trial." In addition to the above summary of our positions, a summary of Fuma's position should include a statement that Fuma was unable to meaningfully participate in a meet and confer process given the late hour, the closeness of trial, and the fact that RJR still has not identified witness testimony, trial exhibits, or parts of trial exhibits that it wishes to have sealed per 40.1(d)(1-2).

We would have expected RJR to do this by annotating its pretrial disclosures to be specific as to what testimony and exhibits should be sealed—the local rules call for that. Instead, RJR's identification of materials in your email appear to be piecemeal rather than the thorough exercise contemplated by the local rules. As mentioned above, we suspect there are many other examples of these types of materials and subject matter aside from the few exhibits you've identified. Thus, your e-mail and late-arising attempt to meet LR 40.1(d) will likely be futile as it does not address all instances where the alleged confidential information arises in the pre-trial disclosures.

Also, your summary of the substance of this late attempt at a meet and confer process should state that your email on Friday night was the first time that RJR had ever attempted to confer with Fuma about sealing trial exhibits and testimony, notwithstanding that it should have been done "promptly" after pre-trial disclosures were filed in July—not on the Friday night before a motion is due on Monday and only five working days before trial will begin.

---------------------
Brandon M. Jordan, Esq.
The Law Firm of Brandon M. Jordan, PLLC
2800 Eisenhower Ave., Ste. 220
Alexandria, VA  22314
Tel: (703) 493-0231
Fax: (703) 832-4806


**From:** Burnette, Jason T. <jtburnette@JonesDay.com>
**Sent:** Friday, November 5, 2021 7:09 PM
**To:** Brandon Jordan <brandon@brandonjordan.com>; Dirk Thomas <dirk.thomas@dthomasllc.com>; Bill Davis <wdavis@belldavispitt.com>; Chris Sullivan <csullivan@robinskaplan.com>
**Cc:** Bayuk, Frank T. <fbayuk@jonesday.com>; Quinlan, Michael S. <msquinlan@jonesday.com>; Walker, Jihan E. <jihanwalker@jonesday.com>; Morrow, John <John.Morrow@wbd-us.com>
**Subject:** Fuma v. Reynolds: Sealing Certain Trial Exhibits and Testimony

Brandon,

We will be filing a motion on Monday to maintain the confidentiality of certain trial exhibits and parts of trial testimony. I'm writing to try to narrow the issues related to sealing and to discuss the likelihood that an exhibit will be used at trial, as required by the new local rule.

These are the exhibits and related trial testimony that we will seek to seal. For each, can you please let me know whether it is likely that Fuma will offer the exhibit or testimony at trial, and if there are issues you intend to raise in response to our motion that we may be able to resolve by agreement?

1. PMTAs: there are several PMTA sections on the exhibit lists (with a couple of duplicates). Some are very partially redacted, but we will ask to seal the following exhibits in their entirety given the confidential and sensitive information contained in the PMTAs.

    a. Solo PMTA Section H (D0052)
    b. Ciro PMTA Section H (D0053)
    c. Vibe PMTA Section H (D0054)
    d. Alto PMTA  Section C (D0055)
    e. Vibe PMTA Section C   (D0965)
    f. Vibe PMTA Cover letter and Section A (D0966)
    g. Ciro PMTA Section H (P0399)
    h. Ciro PMTA Cover letter and Section A (P0396, P0398)

2

     i. Ciro PMTA Section C (P0397)
     j. Ciro PMTA Section H (P0396)
     k. Vibe PMTA Section H (P0395)
     l. Solo PMTA Section H   (P0385, P0386)
     m. Solo PMTA Cover letter and Section A (P0384)
     n.  Alto PMTA Section C (D0967)

2. Ciro phase-out: as we disclosed in our supplemental discovery response, Reynolds will begin phasing out the Ciro product.  There is no current exhibit that specifically refers to this decision about the company's future plans—the rog response itself was listed on our supplemental disclosure, but we do not presently plan to introduce the response as a trial exhibit.  However, the topic will likely be discussed briefly in the direct examination testimony of our damages expert, Ms. Distler.  It's possible your damages expert, Mr. Holzen, may refer to it as well.

3.  Fontem agreement (D0655) and the deposition transcript of Nicholas Gilley during the Fontem proceedings (D0261)

4. Minusa agreement and related documents (D0148, D0149, D0899)

5. Mr. Gilley's ITC declaration (D0178)

6.  Financial forecasts and costs analyses for the Vuse products: Ms. Distler and Mr. Holzen will address these topics in their testimony.  We do not expect that the expert reports and the accompanying exhibits will be admitted.  We would not seek to seal *historical* sales data.

Best,
Jason

Jason T. Burnette
Partner
Jones Day
1221 Peachtree Street NE
Suite 400
Atlanta, GA  30361
(404) 581-8724, direct
(404) 581-8330, fax

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***